# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| ROBERT L. AGUON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:17-02507 |
| ) | |
| UNITED STATES ATTORNEY'S ) | |
| OFFICE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition for Writ of Mandamus. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition be dismissed.

## **FACT AND PROCEDURE**

**A.      Civil Action No. 1:17-01864:**

On March 14, 2017, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Civil Action No. 1:17-01950, Document No. 1.) In his Petition, Petitioner states that Incident Reports were issued against him on or about February 24, 2017, charging him with violating Offense Code 104, Possession of a Knife, and Offense Code 108, Possession of a Portable Telephone. (Id.) Petitioner complains that he has been held in segregation since the issuance of the Incident Reports on February 24, 2017, in violation of his Fifth Amendment right to due process. (Id.) Petitioner further complains that his is being denied

counsel in violation of his Sixth Amendment rights concerning the upcoming prosecution regarding his alleged possession of a knife and cell phone as set forth in the Incident Reports. (Id.) As relief, Petitioner requests the following: (1) The Court order Petitioner's immediate release to general population; (2) The Court "order the AUSA to formally charge Petitioner or release the Incident Reports back to the institutional level so that resolution of Petitioner's Incident Reports can commence;" and (3) If Petitioner is formally charged, the Court immediately appoint counsel. (Id.)

By Order entered on April 7, 2017, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Id., Document No. 9.) On April 27, 2017, Respondent filed his Response to the Order to Show Cause. (Id., Document No. 12.) Respondent argues that Petitioner's Petition should be denied because "Petitioner's challenge to the conditions of his confinement is not cognizable under 28 U.S.C. § 2241." (Id.) On May 10, 2017, Petitioner filed his Reply and Affidavit in Support. (Id., Document Nos. 14 and 15.)

By Proposed Findings and Recommendation entered this day, the undersigned has recommended that Petitioner's Section 2241 Petition be denied.

**B.** **Instant Petition for Writ of Mandamus:**

On April 24, 2017, Petitioner, acting *pro se*,[1] filed his Petition for Writ of Mandamus. (Civil Action No. 1:17-02507, Document No 1.) Petitioner explains that he was placed in segregation on February 24, 2017, based upon his alleged possession of a knife in violation of

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v.*

2

Offense Code 104 and a cell phone in violation of Offense Code 108. (Id.) Petitioner states that BOP disciplinary proceedings have been suspended due to his Incident Reports being referred to the U.S. Attorney's Office for possible prosecution. (Id.) Petitioner states he has been held in segregation since the issuance of the Incident Reports on February 24, 2017. (Id.) Petitioner complains that AUSA John File "has a history of holding Incident Reports submitted to his office for an average of four months, sometimes twice as long, [and] after the passage of at least four months, Mr. File then send a 'target letter.'" (Id.) Petitioner explains that the target letter informs the inmate that he is a target of a grand jury investigation and he has the right to testify before the grand jury. (Id.) Petitioner complains that AUSA File holds "these Incident Reports for as long as he chooses without any accountability for his accounts, all the while Petitioner, and similar situated inmates, are housed 'indefinitely' in segregation with the threat of prosecution looming over head." (Id.) Petitioner states that "these coercive and intimidation tactics serve to weaken the inmate's/petitioner's resolve thereby prompting the inmate/petitioner to accept Mr. File's plea offer and plead guilty to an Information just to 'get it over with' and move on to his still awaiting institutional proceedings so the inmate/petitioner can be released from segregation." (Id.) Petitioner contends that while AUSA File is "engaged in these unethical and unorthodox practices," Petitioner is denied legal counsel in regards to his "pending prosecution." (Id.) Petitioner states that he "requested an attorney when he was read his *Miranda* rights and still hasn't been given access to any attorney." (Id.) Finally, Petitioner argues that his Eighth Amendment rights "are being violated due to the psychological damage he's suffered and continues to suffer due to the actions of Respondents." (Id.) As relief, Petitioner requests that the Court require the United States Attorney's Office and AUSA File to "abandon criminal

---

*Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

proceedings against Petitioner for the Incident Reports mentioned herein above and immediately release said Incident Reports back to the Institution so that Petitioner's institutional proceedings may commence." (Id.)

**C.     Criminal Action No. 1:17-00088:**

By letter dated April 28, 2017, the United States Attorney's Office notified Petitioner that he was a target of a grand jury investigation and that Petitioner had the right to appear before the grand jury. (Criminal Action No. 1:17-00088, Document No 1.) The target letter further notified Petitioner that if "you wish legal representation but feel you are unable to afford an attorney, you may call the Office of the United States Magistrate Judge . . . to determine if you are eligible to have an attorney appointed by the court to represent you." (Id.) By Memorandum Opinion and Order entered on May 1, 2017, the Court appointed counsel to represent Petitioner in Criminal Action No. 1:17-00088. (Id., Document No. 2.) On May 23, 2017, an Indictment was filed against Petitioner charging him with one count of Possession of a Prohibited Object by an Inmate of a Federal Prison, in violation of 18 U.S.C. §§ 1791(a)(2) and 1871(b)(3). (Id., Document No. 10.) On July 12, 2017, Petitioner pled guilty to the single-count Indictment. (Document No. 22, 23, and 24.) Petitioner is currently awaiting sentencing scheduled before the District Court. (Id., Document No. 25.)

## ANALYSIS

Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 18 U.S.C. § 1361. The remedy of mandamus, however, "is a drastic one, to be invoked only in extraordinary circumstances." Kerr

v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); also see United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003). Mandamus relief is only available when three elements coexist: "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." Gant v. FBI, 992 F.Supp. 846 (S.D.W.Va. Feb. 12, 1998)(J. Haden)(citing In re First Federal Savings & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988)); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987)(internal quotations omitted)("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable."). Furthermore, mandamus will only be issued in cases where "the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." In re First Federal Savings & Loan Ass'n, 860 F.2d at 138; also see Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina, 551 F.2d 559, 562 (4th Cir. 1977)(A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.").

In the instant case, Petitioner is requesting an order compelling action on the part of the United States Attorney's Office or AUSA File. Specifically, Petitioner requests that the District Court compel the United States Attorney's Office and AUSA File to abandon prosecution of Petitioner for his alleged criminal conduct as alleged in the Incident Report. Petitioner has no clear and indisputable right to compel the United States Attorney's Office to take the action

requested. The submission of evidence to a grand jury is at the *discretion* of the prosecuting attorney. Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)("[T]he Government retains broad discretion as to whom to prosecute."); United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). As stated above, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." See Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi, 551 F.2d at 562("A writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion."). Accordingly, the undersigned finds that Petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus.

Furthermore, the undersigned finds that Petitioner's request for relief is moot. As discussed above, the charge underlying Petitioner's Incident Report was presented to the grand jury and an indictment was returned against Petitioner. The record further reveals that Petitioner was appointed counsel regarding the potential charge underlying the target letter and concerning his subsequent prosecution. Accordingly, the undersigned respectfully recommends that Petitioner's Petition for Writ of Mandamus be denied.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **DISMISS** Petitioner's Petition for Writ of Mandamus (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 16, 2017.

Omar J. Aboulhosn
United States Magistrate Judge